IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 5 2016

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

| | | |
|---|---|---|
| JACK BAKER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-207-A |
| | § | (NO. 4:14-CR-044-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jack Baker
("movant") under 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence. After having considered such motion, its
supporting memorandum, the government's response, movant's reply,
and pertinent parts of the record in Case No.4:14-CR-044-A,
styled "United States of America v. Jack Baker," the court has
concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying
criminal case discloses the following:

On March 12, 2014, movant was named in a one-count
indictment charging him with conspiracy to possess with intent to
distribute a controlled substance, in violation of 21 U.S.C. §

846. CR Doc.[1] 1. On May 2, 2014, movant pleaded guilty to the
charge. CR Doc. 18. He signed a factual resume stipulating that
beginning on or about November 14, 2012, and continuing until on
or about December 5, 2013, he and others knowingly and
intentionally combined, conspired, confederated, and agreed to
engage in possession with intent to distribute 50 grams or more
of a mixture or substance containing a detectable amount of
methamphetamine. In particular, movant and Elias Chavira would
drive together to purchase approximately a quarter pound, and on
one occasion a half pound, of methamphetamine on a weekly basis.
From August 1 through October 14, 2013, movant would deliver up
to one ounce of methamphetamine to Chavira each day and Chavira
would sell it. CR Doc. 19.

Movant lodged a number of objections to the presentence
report. CR Doc. 39. Some were accepted by the probation officer
and others were heard at the sentencing hearing. CR Doc. 25; 41-
42. The court overruled movant's objection to the enhancement for
possession of a firearm in connection with his drug-trafficking
activities. The court found that movant had possession of a
firearm and that persons engaged in the jointly undertaken
criminal activity had possession of firearms at relevant times.

---

[1]The "CR Doc." reference is to the number of the item on the court's docket in the underlying
criminal case, No. 4:14-CR-044-A.

CR Doc. 42 at 12. The court also overruled movant's objection as to drug quantity, as the evidence showed that movant was given credit for less than what he had actually dealt with during the conspiracy. CR Doc. 41 at 8-9; CR Doc. 42 at 18-19. And, the court overruled movant's objection regarding the enhancement for importation of drugs from Mexico, as that was foreclosed by Fifth Circuit authority. CR Doc. 42 at 19-20.

The court adopted the presentence report as supplemented and modified by the addendum and sentenced movant to a term of imprisonment of 420 months, which was within the guideline range of 360-480 months. CR Doc. 42 at 20; CR Doc. 37. Movant appealed on the grounds that the court erred in applying the two-level enhancement based on possession of a firearm, in determining the quantity of methamphetamine for which he was responsible, and in applying the two-level enhancement based on the finding that the drugs were imported from Mexico. The appellate court affirmed the judgment and movant's petition for writ of certiorari was denied. United States v. Baker, 607 F. App'x 431 (5th Cir.), cert. denied, 136 S. Ct. 378 (2015).

On January 19, 2016, movant filed his "motion to reduce sentence under the residual clause of the armed career, career criminal, and career offender in the light of Johnson v. United States, 135 S. Ct. 2551 (2015)," which the court interpreted as a

3

motion under 28 U.S.C. § 2255. That motion was assigned Case No.
4:16-CV-045-A. The court gave movant an opportunity to withdraw
the motion and he did so.

Movant filed the present motion on March 17, 2016, Doc.[2] 1,
and the government concedes that it is timely.

## II.

### Grounds of the Motion

Movant urges four grounds in support of his motion, worded
as follows:

> Ground One: Ineffective assistance of counsel for
> failure to object to purity: (( Day of arrest defendant
> was in possession with diluted Methamphetamines not
> actual ICE.
>
> Ground Two: The two point enhancement of drugs
> importation from MEXICO. ((DEFENDANT HAD NO CLUE OF ANY
> IMPORTATION))
>
> Ground Three: DRUG QUANTITY OF 120 OUNCES SAID BY CO-
> DEFENDANT AMY LIVELY. "FALSE STATEMENT UNDER AOTH [Sic]
> BY CO-DEFENDANT AMY LIVELY"
>
> Ground Four: TWO POINT ENHANCEMENT FOR POSSESSION OF
> FIRE ARM

Doc. 1 at 7-8.

The motion is accompanied by a memorandum that basically
restates the grounds, but does not contain any legal argument.
Attached to the memorandum is a copy of the transcript of the

---

[2]The "Doc." reference is to the number of the item on the court's docket in this civil action.

continued sentencing hearing conducted September 12, 2014, CR
Doc. 42. Doc. 2.

### III.

### Applicable Legal Standards

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to
appeal, courts are entitled to presume that a defendant stands
fairly and finally convicted. United States v. Frady, 456 U.S.
152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32
(5th Cir. 1991). A defendant can challenge his conviction or
sentence after it is presumed final on issues of constitutional
or jurisdictional magnitude only, and may not raise an issue for
the first time on collateral review without showing both "cause"
for his procedural default and "actual prejudice" resulting from
the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial
errors. It is reserved for transgressions of constitutional
rights and other narrow injuries that could not have been raised
on direct appeal and would, if condoned, result in a complete
miscarriage of justice. United States v. Capua, 656 F.2d 1033,
1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of
habeas corpus will not be allowed to do service for an appeal.
Davis v. United States, 417 U.S. 333, 345 (1974); United States

v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  Further, if

issues "are raised and considered on direct appeal, a defendant

is thereafter precluded from urging the same issues in a later

collateral attack." Moore v. United States, 598 F.2d 439, 441

(5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515,

517-18 (5th Cir. 1978)).

B.    Ineffective Assistance of Counsel Claims

     To prevail on an ineffective assistance of counsel claim,

movant must show that (1) counsel's performance fell below an

objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different.

Strickland v. Washington, 466 U.S. 668, 687 (1984); see also

Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012).

"[A] court need not determine whether counsel's performance was

deficient before examining the prejudice suffered by the

defendant as a result of the alleged deficiencies." Strickland,

466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750,

751 (5th Cir. 2000).  "The likelihood of a different result must

be substantial, not just conceivable," Harrington v. Richter, 562

U.S. 86, 112 (2011), and a movant must prove that counsel's

errors "so undermined the proper functioning of the adversarial

process that the trial cannot be relied on as having produced a

just result." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 189 (2011)

(quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this

type of claim must be highly deferential and the defendant must

overcome a strong presumption that his counsel's conduct falls

within the wide range of reasonable professional assistance.

<u>Strickland</u>, 466 U.S. at 689.

IV.

## Analysis

In his first ground, movant urges that his counsel was

ineffective for failing to challenge the purity of the

methamphetamine for which he was held responsible.[3] His sole

support for this argument is that when he was arrested, he

possessed diluted methamphetamine and not actual "ice." Doc. 1 at

7; Doc. 2 at 2-3. As he notes in his reply, his attorney did

raise this issue at sentencing. Doc. 8 at 7. Of course, the drugs

he possessed at time of arrest were only part of the drugs for

which he was held responsible.

As the presentence report reflects, some samples of the

drugs were found to be 96% pure; some were of unknown purity. The

probation officer converted the methamphetamine quantities to the

marijuana equivalent to arrive at the base offense level. Movant

---

[3]Movant likely got this from the appellate opinion. 607 F. App'x at 433.

presents no evidence to show that the calculation was in error. Thus, movant's counsel cannot be faulted for failing to object. The court is satisfied that any objection would have been frivolous in any event.

The remainder of movant's grounds were raised on direct appeal and may not be relitigated here. <u>Moore</u>, 598 F.2d at 441. (The bulk of movant's reply is devoted to an argument that his co-defendants lied and that he should not have been held responsible for all of the drugs attributed to him or for possession of weapons.) Moreover, misapplication of the sentencing guidelines is not a claim cognizable under § 2255. <u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999).

V.

<u>Order</u>

The court ORDERS that all relief sought by movant in his motion under 29 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2255(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED May 5, 2016.

JOHN McBRYDE
United States District Judge